## LINK v. DURANT GRAIN AND ELEVATOR CO.

No. 12196—Opinion Filed Dec. 18, 1923.

### Contracts—Threshing Contract With Owner of Grain—Liability of Mortgagee.

Where a party contracts with the owner of a crop of oats to thresh same for the sum of $100, and the owner tells him that another party who has a mortgage on the oats will pay for the threshing, and the thresherman does not see the party who has a mortgage on the oats, but relies on the statement made by the owner of the oats that the mortgagee will pay for the threshing and goes on and threshes the oats, and the same is delivered to the party holding the mortgage and he takes his debt out of the proceeds and pays the balance over to the owner of the oats, the party who holds the mortgage is not liable to the thresherman for the threshing of the oats. The record shows that the thresherman had no contract whatever with the person holding the mortgage, and that he never notified the person holding the mortgage that he would look to him for payment of the threshing, but relied solely on the promise of the owner that the mortgagee would pay for the threshing. He is not entitled to recover against the mortgagee.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error From District Court, Bryan County; George S. March, Judge.

Action by J. B. Link against Durant Grain & Elevator Company to recover $100 alleged to be due the plaintiff from defendant for threshing a crop of oats. Judgment for defendant, and plaintiff appeals. Affirmed.

This case originated in a justice of the peace court, and the bill of particulars filed in the justice court is as follows:

"During the year 1918, through the oat threshing season, plaintiff operated a thresher and threshed about 3,000 bushels for the defendant during the last days of July, for the sum of $100; that after the oats was threshed, defendant paid said sum of money to one D. Sowls to be delivered to plaintiff, but he failed and refused to turn same over to plaintiff, but spent and squandered same, that defendant at the time he turned the check or money over to said Sowls to be delivered to plaintiff knew that said Sowls was wholly insolvent and not responsible; that plaintiff has made repeated and often demand upon the defendant for said money, but it failed to pay same or any part thereof, to his damage in the sum of $100, with interest from the 1st day of August, 1918."

The evidence shows that the oats mentioned belonged to Dee Sowls, and Link,

the plaintiff, was the owner of a threshing machine. Sowls went to Link and contracted with him to thresh a crop of oats, which amounted to about 3,000 bushels. Link agreed to thresh the oats and did so. Sowls told Link when he got him to thresh the oats that defendant, Durant Grain & Elevator Company, had a mortgage on the oats, and that they would pay Link for threshing the same. Link, without any arrangement or understanding with the Durant Grain & Elevator Company, threshed the oats, and the Durant Grain & Elevator Company hauled them away and deducted the amount due them on their mortgage from the amount the oats sold for, and paid the balance of the money over to Sowls, who spent the money and never paid Link for threshing the oats. Link sued the Durant Grain & Elevator Company for the $100 that Sowls was to pay him for threshing the oats. There was judgment for the defendant in the justice court, and the case was appealed to the district court of Bryan county, where it was tried de novo before the court and a jury. The evidence on the trial was substantially as above set out. At the close of the testimony, the court instructed a verdict for the defendant on motion of defendant's counsel. In passing on the motion and demurrer to the evidence, the court used the following language:

"Gentlemen of the Jury, you have heard the statements of counsel as to the nature of this lawsuit, and the evidence introduced so far before you. A demurrer has been interposed by the defendant, by which the defendant contends that there is not sufficient evidence in this case to submit to the jury. The court is of the opinion that there is no evidence to go before you. The court fails to find, as he sees the evidence and law governing the same, that there is a single solitary line of evidence in this lawsuit that shows, or tends to show, that the Durant Grain & Elevator Company, by any of its agents whatsoever agreed to pay for this threshing, or had whatsoever to do with the payment of the threshing. The court is of the opinion that the testimony of Mr. Link that this man who raised the oats, Sowls, in which he told the thresherman that the Durant Grain & Elevator Company would pay for it, as a matter of law does not bind them in the least, and for that reason, as the court sees the facts and law, the demurrer will be sustained, and you gentlemen are instructed to return a verdict for the defendant"

—and thereupon directed a verdict for the defendant, which was returned by the jury, and the judgment was entered on the verdict. Plaintiff filed a motion for new trial, which was overruled. Time given to prepare case-made, and the case duly appealed to this court.

Porter Newman and George F. Deck, for plaintiff in error.

Hayes & McIntosh, for defendant in error.

Opinion by MAXEY, C. We have carefully read the testimony in the case and the finding of the court in sustaining a demurrer to the evidence, and in our opinion the court was right in sustaining the demurrer to the evidence. Link had no contract whatever with the defendant, Durant Grain & Elevator Company. All the contract he did have was with Sowls, the owner of the oats, who told him that the Durant Grain & Elevator Company held a mortgage on the oats and would pay for the threshing. Link never notified the Durant Grain & Elevator Company that he looked to them for pay for threshing the oats; in fact, never told them of his contract or understanding with Sowls until after the oats were threshed and delivered, and the Durant Grain & Elevator Company had settled with Sowls, taken out what Sowls owed them, and paid him the balance. There is no implied contract in the case. Link had an expressed contract with Sowls to thresh the oats at a given price, but he had no contract of any kind with the Durant Grain & Elevator Company, and the mere fact that the elevator company hauled the oats away and collected their mortgage and paid the balance over to Sowls does not make an implied contract on the part of the elevator company to pay for the threshing. If Link had gone to the elevator company before he threshed the oats and told them the arrangements he had made with Sowls about threshing the oats, and the elevator company had agreed to hold out the $100 for threshing and pay it to Link, there would have been no doubt about the elevator company's liability to pay for the threshing. There is absolutely nothing in the record to show any liability on the part of the Durant Grain & Elevator Company, and, in our opinion, the judgment of the trial court is correct and the case should be in all things affirmed.

By the Court: It is so ordered.